UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **AMANDA KINGSBURY**<br><br>Plaintiff<br><br>V.<br><br>**ARMANDO MORALES PÉREZ**; personally and as representative of the mutual conjugal partnership with his wife; **JEANETTE RIVERA RODRÍGUEZ**; UNKNOWN DEFENDANTS OR THOSE DEFENDANTS WHOSE IDENTITY OR EXISTENCE IS UNKNOWN "A" TO "Z"<br><br>Defendants | CIVIL NO:<br><br><br><br>**EXTRA CONTRACTUAL NEGLIGENCE; TORT ACTION**<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COMES** plaintiff, AMANDA KINGSBURY, represented by the undersigned attorneys, and respectfully states, alleges and prays:

**I. JURISDICTION**

This Honorable Court has subject matter jurisdiction over the claims in this complaint based on diversity of citizenship, since plaintiff Amanda Kingsbury is domiciled in the State of New York, United States of America, and defendants Armando Morales Pérez, his wife Jeanette Rivera Rodríguez and their conjugal partnership, are natural persons who are domiciled in the Commonwealth of Puerto Rico, and over those unknown defendants or those defendants whose identities or existence is unknown ("A"

TO "Z"); and the claim matter in controversy exceeds the jurictional amount of $75,000.00, all pursuant to 28 U.S.C. § 1332.

## II. THE PARTIES

1. Plaintiff Amanda Kingsbury is of legal age, single, a saleswoman, and is domiciled in the State of New York, USA.

2. Defendants Armando Morales Pérez and his wife, Jeanette Rivera Rodríguez and their conjugal partnership, are natural persons domiciled and residing in 21 Marina Bahía Rd, Las Bahías Cataño, Puerto Rico 00962, in the Commonwealth of Puerto Rico, and who own a property in the Municipality of Toa Baja, Puerto Rico, located at 3156 Paseo Cresta, Levittown, Toa Baja 00949, Puerto Rico (the "Subject Property").

## III. Allegations as to All Counts

1. At all material times to this claim, defendants owned the Subject Property and operated it as a rental property, for profit, on the Airbnb platform.

2. Airbnb's rental platform promotes and secures the rental of short-term homestays and experiences to third parties, and connects lessors with potential lessees.

3. The Subject Property is located near the beach, and is rented by defendants for vacation purposes.

4. The Subject Property where the accident occurred was an apartment located on the second floor and only accessed via a stairway on the front of the property leading directly to the front door.

5. At all material times, plaintiff Ms. Amanda Kingsbury was an invited guest at the Subject Property. Plaintiff was an invited guest of Blue Ellis (lessee), who made the

booking for a party of guests (which included Ms. Kingsbury) to stay at the Subject Property from April 20 through April 30, 2024, directly via Airbnb.

6. On or about April 22, 2024, plaintiff Amanda Kingsbury was lawfully on the Subject Property and was attempting to descend the stairway when she slipped and fell.

7. On or about April 22, 2024, defendants Armando Morales Pérez and Jeanette Rivera Rodríguez allowed a dangerous condition(s) to exist on the Subject Property, to wit: the slippery surface of the stair(s) and other unsafe conditions of the stair(s), stairway, and handrails of the Subject Property.

8. As a result of the slip and fall, the Plaintiff suffered severe and permanent injuries, due to said dangerous conditions existing on the Subject Property. Plaintiff's severe injuries have resulted in permanent disability.

9. At all material times, defendants Armando Morales Pérez, his wife, Jeanette Rivera Rodríguez, and their conjugal partnership owed the Plaintiff statutory non-delegable duties. Puerto Rico Civil Code of 2020, Law number 55 of June 1st, 2020, Articles 1536, 1538, and 1539.

10. Defendants Armando Morales Pérez his wife, Jeanette Rivera Rodríguez, and their conjugal partnership, are vicariously liable for the negligent acts of their employees and/or agents that failed to properly correct the dangerous conditions on the Subject Property that caused the Plaintiff to suffer severe and permanent injuries, P.R. Civil Code of 2020, *supra*, Articles 1540 and 1541(c).

11. Venue is proper in this Court as the defendants reside in Puerto Rico and the incident occurred on property located in the Municipality of Toa Baja, Puerto Rico.

IV. **COUNT I - PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST ALL DEFENDANTS**

12.     Plaintiff hereinafter reaffirms and realleges all of the allegations in paragraphs 1-11 above, as if fully set forth herein.

13.     At all times material hereto, defendants, by themselves or through agents or employees, owed statutory, non-delegable duties to their guests staying at the Subject Property, to exercise reasonable and ordinary care to maintain the Subject Property in a condition reasonably safe for use by said guests, to correct any dangerous condition(s), and to warn their guests and invitees of any dangerous or unsafe condition(s), which they knew or reasonably should have known existed.

14.     At all times material hereto, Defendants, by and through their agents or employees, breached the aforesaid duties of care owed to guests and invitees residing at the Subject Property, including the Plaintiff, by committing one or more of the following negligent acts or omission or commission:

a. Failed to maintain the surface of the stairs in a slip resistant manner so as to protect their guests and invitees from slipping.

b. Failed to provide stair mats or proper traction alternatives to allow for a slip resistant surface of the stairs to protect guests and invitees from slipping.

c. Failed to provide for or properly maintain the stair(s), stairway, and handrails in conditions reasonably safe for guests and invitees.

d. Failed to repair or correct the dangerous conditions of the stair(s), stairway, and handrails existing in the subject property on or about 20th of April to 30th of April, 2024.

  e. Failed to maintain the stair(s), stairway, and handrails in compliance with applicable international, state, federal, and industry standards, statutes, codes, and regulations.

  f. Failed to provide a reasonably safe means of egress from the Subject Property.

  g. Failed to provide any warning or notice to guests and invitees, including the Plaintiff, of the above-described dangers and hazards.

  h. Failed to take reasonable precautions to protect guests and invitees, including Plaintiff, of the above-described dangers and hazards.

  i. Failed to adequately inspect the stair(s), stairway and handrails for purposes of detecting any dangerous or unsafe conditions and to correct or otherwise guard or warn against such conditions.

  j. Failed to properly maintain and service the stair(s), stairway and handrails at the time of injury, or otherwise correct the defective conditions that existed or that Defendants should have reasonably known existed, by the use of reasonable and prudent care.

  k. Failed to maintain the stair(s), stairway and handrails so as to provide for safe walking conditions for guests and invitees.

15. Defendants, individually or by and through their agents and employees, knew or by the exercise of reasonable and prudent care should have known of the unsafe and/or dangerous conditions on the Subject Property, but Defendants, individually, or by and through their agents and employees, failed to correct the unsafe condition(s) and failed to warn their guests and invitees, including the Plaintiff, of the existence of said unsafe and dangerous condition(s), and otherwise allowed said unsafe and dangerous

condition(s) to exist for a length of time sufficient during which a reasonable inspection would have disclosed said danger.

16. As a direct and proximate result of Defendants' breach of one or more of the above duties, Plaintiff suffered irreparable damage, bodily injuries, limitations and mental anguish. Plaintiff also incurred and continues to incur, substantial medical bills, as well as special, incidental, and out-of-pocket expenses. As a direct result of defendants' negligence, Plaintiff has suffered physical and mental anguish and handicaps, which impair her ability to lead and enjoy a normal life, and have resulted in a loss of income and the impairment of her earning capacity, as well as the aggravation of a pre-existing condition. All said injuries are permanent and continuing in nature, such that Plaintiff will suffer these losses and impairments in the future. The damages suffered by Plaintiff are estimated at not less than two million dollars ($2,000,000.00).

**JURY DEMAND**

Plaintiff demands a trial by jury in this case as to all claims and issues alleged and so triable.

**WHEREFORE,** it is respectfully prayed from this Honorable Court that judgment be entered against all defendants and for plaintiff, as compensation for her damages, in the amount of not less than $2,000.000.00, plus punitive damages, to the extent the Court may find that defendants incurred in willful disregard of life, security and property, with the imposition of costs and expenses of this litigation, reasonable attorney fees and legal interests since the date of the filing of the complaint, plus any and all other relief this Court deems just and proper.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this April 16, 2025.

        **BENNAZAR, GARCÍA & MILIÁN, C.S.P.**
Attorneys for Plaintiff, Amanda Kingsbury
P.O. Box 194000 No. 212
San Juan, Puerto Rico 00919-4000
Tel. 787-754-9191

By:   /s/ ANTONIO J. BENNAZAR NIN
**ANTONIO J. BENNAZAR NIN**
USDC-PR NO. 308309
antonio.bennazar@bennazar.org